UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEITH WHITE, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
|     vs. | )   Case No. 2:16-cv-00021-JMS-MJD |
| | ) |
| DICK BROWN, | ) |
|         Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus
as to Claim of Inadequate Notice**

The petition of Keith White for a writ of habeas corpus challenges a prison disciplinary proceeding, RDC 15-09-0022, in which he was found guilty of attempting to engage in trafficking. For the reasons explained in this entry, Mr. White's habeas petition must be **granted** as to his claim that he was not given adequate notice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On September 22, 2015, Intelligence Analyst Eloiza issued a Report of Conduct charging Mr. White with attempting to engage in trafficking in violation of Code A-111/113. The Report of Conduct states: "This conduct report is based on information gathered and forwarded to the Office of Investigations and Intelligence. See confidential case file 15-COA-0026. Refer any requests to the Office of Investigations and Intelligence for limited access related to this case file." Dkt. 14-1.

Mr. White was notified of the charge on September 25, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. White did not want to call any witnesses. Mr. White requested all documentation pertaining to the offense, and a visitation schedule for "H" cell house. He became very agitated when he was informed some of the records were confidential, resulting in him being removed from the screening.

The Hearing Officer conducted a disciplinary hearing on October 2, 2015. The Hearing Officer noted Mr. White's statement, "I don't [know] what they are accusing me of. Something just don't seem right about this whole thing. Why didn't they wait for the drugs and bust us then." Dkt. 14-4. Relying on the staff reports, the statement of the offender, and the confidential Internal Affairs report, the Hearing Officer determined that Mr. White had violated Code A-111/113, attempting to traffic (drugs). The sanctions imposed included a written reprimand, a restriction of phone privileges, 60 days of disciplinary segregation, the deprivation of 180 days of earned credit time, and the demotion from credit class I to II. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Mr. White's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. White alleges that his due process rights were violated during the disciplinary proceeding. Mr. White's claims are restated as: 1) he was not given adequate notice of the charge; and, 2) the evidence was not sufficient to support the finding of guilt.

Mr. White first argues that the conduct report did not give him adequate notice to prepare a defense to the charge. A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)).

The respondent argues that although the conduct report itself did not contain details regarding the offense, the Report of Investigation of Incident ("Report of Investigation") included sufficient details of the offense, including the specific offense charged, the location, and the date the offense took place. The Report of Investigation states, "Information gathered during confidential case file 15-COA-0026 confirms that Offender White, Keith 157565 was attempting to engage in trafficking contraband into Pendleton Correctional Facility on 8/8/2015. Contact the Office of Investigations and Intelligence for limited viewing of this confidential case file." Dkt. 14-2.

Mr. White points out that he was not even given a copy of the Report of Investigation when he was screened. Mr. White asserts that he was not aware of the Report of Investigation or what it stated until he received the return to order to show cause and supporting documents in this action. Dkt. 22, p. 3. The expanded record fails to show that Mr. White was notified of or

given a copy of the Report of Investigation at any time prior to the disciplinary hearing. Standing alone, the conduct report did not provide any underlying facts that support the charge.

"When known, and absent security or confidentiality needs, due process requires that prison officials notify the prisoner of the date, place, and nature of the alleged misconduct." *Vermillion v. Levenhagen,* 519 Fed.Appx. 944, 946 (7th Cir. March 26, 2013) (internal quotation omitted). If a rehearing is conducted, prison staff shall comply with the Adult Disciplinary Procedures provision which requires that in cases in which a charged inmate requests evidence that may contain security related information, the Hearing Officer shall review the evidence and prepare a detailed summary for the inmate at least 24 hours prior to the hearing. *See* Disciplinary Code for Adult Offenders in the Department of Correction ("DOC Disciplinary Code"), No. 02-04-101, p. 29, IX. D. 3. C. (effective Sept 1, 2010); *see also McCollum v. Miller,* 695 F.2d 1044, 1048-49 (7th Cir. 1982) (if the essential information needed to prepare a defense cannot be revealed to an inmate because of security risks, additional procedural safeguards must be provided). The summary of evidence provision in the DOC Disciplinary Code is one such additional safeguard.

In this case, Mr. White was not provided adequate notice of the charge and evidence to marshal the facts and prepare his defense. Mr. White's due process rights were violated in this regard.

As noted, Mr. White's habeas petition presents a second challenge to the sufficiency of the evidence, but the Court opts not to reach that issue because of its conclusion regarding notice.

## IV. Conclusion

Because Mr. White was not given adequate notice of the charge and evidence used against him, his due process rights were violated. Accordingly, his petition for writ of habeas corpus must be **granted.** The sanctions imposed in RDC 15-09-0022 must be **vacated and rescinded.** This ruling does not prevent the respondent from conducting a rehearing on the charge after providing Mr. White with constitutionally adequate notice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/12/2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Keith White
DOC #157565
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only